Peter F. GERACI, Appellant,

v.

Edward B. HOPPER II, as United States Trustee, and John E. Maloney, as Chapter 7 Trustee, Appellees.

No. 97–CV–2057.

United States District Court, C.D. Illinois.

May 29, 1997.

Peter Frances Geraci, Chicago, IL, for appellant.

---

*ORDER AND OPINION*

BAKER, Senior District Judge.

This is an appeal from a final order of the bankruptcy court in twelve consolidated cases.[1] The bankruptcy court considered the motions filed by the case trustee in the *Chellino* matter and by the United States Trustee in the remaining eleven cases to review the compensation paid the appellant, and for him to show cause for the fees charged to the debtors. The bankruptcy court allowed the trustees' motions challenging the fees and set

$800 as a reasonable fee in each case and required the debtors' attorney, Peter F. Geraci, to reimburse the debtors for any amount they had paid over $800. The bankruptcy court further ruled that, in the future, Mr. Geraci was to submit written fee itemizations in all cases in which he sought a fee in excess of $800. Mr. Geraci has appealed the order and posted a supersedeas bond staying enforcement of the order below, The court has jurisdiction under 28 U.S.C. § 158(a).

"And it's greatly to his credit for he himself hath said it;"[2] Mr. Geraci is "the unquestioned foremost consumer bankruptcy practitioner in the country."[3] Mr. Geraci's submissions, both in this court and in the bankruptcy court, are a philippic directed against the case trustees, the United States Trustee, bankruptcy practitioners in the Central District of Illinois, and creditors generally. As the bankruptcy judge pointed out in his opinion, nothing in the record supports the appellant's diatribe against the whole bankruptcy community. His self aggrandizement and his pejorative remarks about bankruptcy practitioners are irrelevant. They have nothing to do with establishing a reasonable fee; within the meaning of 11 U.S.C. § 329, in a no-asset, run-of-the-mill Chapter 7 case in the Central District of Illinois. And that is what this appeal is about.

Section 329 says in pertinent part: "(a) Any attorney representing a debtor in a case under this title, * * * shall file with the court a statement of the compensation paid, * * * and the source of such compensation. (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—(1) the estate, * * * or (2) the

---

1. In re: Aleta D. Chellino, Debtor, 96–90941, Chapter 7; Dawn M. Wetherington, Debtor, 96–91203, Chapter 7; Tracy L. Badley, Debtor, 96–91204, Chapter 7; Leroy & Judith Senesac, Debtors, 96–91207, Chapter 7; Paul & Bonna Mateer, Debtors, 96–91208, Chapter 7; Everett & Laura Hoseman, Debtors, 96–91210, Chapter 7; Sandra C. Evans, Debtor, 96–91439, Chapter 7; Melinda F. Penney, Debtor, 96–91440, Chapter 7; Robert & Dorothy Mailhot, Debtors, 96– 91441, Chapter 7; Gerald & Susan Parks, Debtors, 96–91442, Chapter 7; Jerry & Linda Wisnewski, Debtors, 96–91443, Chapter 7; Patricia Alrandi, Debtor, 96–91444, Chapter 7.

2. With apologies to Gilbert & Sullivan.

3. Debtors' Attorneys' Response ¶ 7.

entity that made such payment." The purpose of the statute is plainly stated and its meaning is obvious. The statute is to prevent overreaching by bankruptcy practitioners and preserve the assets of the estate for creditors. Section 329 is not a restitution provision, or a fee shifting statute like 42 U.S.C. § 1988. The cases referred to by the appellant in his brief arising under the principles applicable in the cited cases are not apposite to this bankruptcy situation.

The parties agree that the provisions of § 329 govern the case. What they disagree on is the meaning of "reasonable" in the statutory language. The bankruptcy court interpreted "reasonable" as requiring the application of the criteria established under 11 U.S.C. § 330[4] and interpreted in *In re Smith*, 48 B.R. 375 (Bankr.C.D.Ill.1984). *See also, Bonner v. Coughlin*, 657 F.2d 931, 934 (7th Cir.1981) (fee award under 42 U.S.C. § 1988 adopting ABA Code of Prof Resp. factors.) Mr. Geraci insists that "reasonable" means only the market value of his services

His fees are the market value, Mr. Geraci argues, because that is what his clients have agreed to pay him for his services. He argues that the market and not the judge should set the fees of debtors' attorneys in a Chapter 7 case and relies on *Matter of Continental Illinois Securities Litigation*, 962 F.2d 566 (7th Cir.1992) as controlling this appeal. The reliance is misplaced. *Continental* is about as far removed from these no asset Chapter 7 cases as can be imagined. It was complex litigation involving a 45 million dollar settlement after years of preparation. But *Continental* was commercial litigation and the Seventh Circuit made a very helpful

suggestion that the bankruptcy judge apparently applied here. *Continental* suggests that finding "testimony or statistics concerning the fee arrangements in commercial litigation comparable to the present suit" would be a proper basis for determining a reasonable fee. 962 F.2d at 572–73. That is exactly what Judge Fines did in these cases. He reviewed the fees charged in similar cases by competent attorneys, experienced in bankruptcy matters in the Central District, and found that the average fee for a no asset, chapter 7 case was $550.

When asked to supply the bankruptcy court with fee itemizations, Mr. Geraci submitted itemizations that were deficient. The itemizations did not describe the services performed with particularity. Services were lumped together so that the court could not determine the time spent on individual services. The itemizations contained noncompensable billings for overhead. Failure to supply time records and accurate billing information will not support an award of fees. *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir.1985). Although Mr. Geraci admits, "I do not and have never billed my clients on an hourly basis,"[5] his itemizations show a claim of $185 per hour for his time. The record also shows that the work in the dozen cases in question was performed not by Mr. Geraci but by lawyers in his firm with at most five years experience. In the absence of accurate time records and an established hourly rate, it is impossible to take a lodestar approach to the value of a reasonable fee.

The bankruptcy court could find no basis in the record for Mr. Geraci's claims of superior services to the debtors or his "pre-screening" practices that avoided difficulties

---

**4.** § 330. Compensation of officers. (a)(1) After notice * * * and a hearing, and subject to sections * * * and 329, the court may award * * * reasonable compensation for actual, necessary services rendered by the * * * attorney, and by any paraprofessional person * * * * (3)(a) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(a) the time spent on such services; (B) the rates charged for such services; (C) whether the

services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. * * * *

**5.** Debtors' Attorneys' Response ¶ 7.

for the debtors. To the contrary, Judge Fines observed that the dozen cases were simple, no-asset matters that required about a one-half hour interview with the client and two brief appearances in court. Far from being superior, Judge Fines found that Mr. Geraci's service were quite ordinary and in some matters below the standards of other practitioners in the court.

The bankruptcy court made a thorough and detailed examination of the matters connected with the trustees' motions and set out findings and conclusions in a carefully considered thirty five page opinion. Judge Fines went through each of the twelve grounds to be considered in deciding what a reasonable fee would be as suggested in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). (Attorneys fees to a prevailing party in a civil rights case.) The court did not arbitrarily set a "medieval just price" but determined what is customarily charged in comparable commercial cases as suggested in *Continental* and by applying the factors in *Johnson*. Moreover, the bankruptcy judge did not limit Mr. Geraci to a fee of $800 in all future Chapter 7 no-asset cases. The court has directed that in future cases where he has made a fee arrangement for over $800, he must file a written fee itemization in that case. There is no abuse of discretion here in fixing fees. The bankruptcy judge was right in his legal conclusions and his factual determinations are certainly not clearly erroneous. *See, In the Matter of U.S. Golf Corporation*, 639 F.2d 1197, 1201 (5th Cir.1981). (Determining award of attorneys' fees in a bankruptcy proceeding).

The appellant raises equal protection questions concerning the bankruptcy court's ruling that Mr. Geraci must file a fee itemization in future Chapter 7 cases in which he charges more than $800. Appellant did not raise this question in the lower court and he cannot raise it here. *Erff v. MarkHon Industries, Inc.*, 781 F.2d 613, 618–19 (7th Cir. 1986).

The order of the bankruptcy court of December 27, 1996 is affirmed.