In re Victor E. CRIVILARE and Mary E. Crivilare, Debtors.

In re Daniel D. GREGORY, Debtor.

In re Shawn WOLFF and Nicole Wolff, Debtors.

Bankruptcy Nos. 97–60518, 97–60519 and 97–60582.

United States Bankruptcy Court, S.D. Illinois.

Oct. 9, 1997.

J. Phil Anderson, U.S. Trustee's Office, Peoria, IL, for Plaintiff, U.S. Trustee.

Steven Diamond, Brian Driscoll, Geraci Law Firm, Chicago, IL, for Debtors.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

These cases, consolidated for purposes of opinion, are before the Court on motions for order to show cause filed by the United States Trustee ("trustee"). The trustee challenges the reasonableness of fees charged by debtors' counsel, Peter F. Geraci, for his services in each of these Chapter 7 cases. The trustee requests the Court to order disgorgement of that portion of counsel's fees found to be excessive under 11 U.S.C. § 329.[1]

The cases at issue are routine, simple, no-asset Chapter 7 proceedings. The debtors' schedules in each case show no real property, personal property of less than $14,000, and total debts of $50,000 or less. While not yet accomplished, the debtors in each case have stated an intention to reaffirm some or all of their secured debt. The fees charged and paid by the debtors in these cases vary from $895 in *Wolff,* to $1,000 in *Gregory,* and $1,100 in *Crivilare.*

Debtors' counsel has filed a time itemization for each case prepared by David M. Ucherek.[2] The affidavit accompanying these "itemizations" attests that Mr. Ucherek re-

---

1. Section 329 provides in pertinent part:
    (a) Any attorney representing a debtor in a case under this title ... shall file with the court a statement of the compensation paid or agreed to be paid ... for services rendered or to be rendered ... by such attorney, and the source of such compensation.
    (b) *If such compensation exceeds the reasonable value of any such services,* the court may ... *order the return of any such payment, to the extent excessive,* to [either the estate or the entity that made such payment].
    11 U.S.C. § 329 (emphasis added).

2. The affidavits fail to disclose whether Mr. Ucherek is a licensed attorney and also fail to indicate his role or position in the Geraci firm.

constructed the services performed and estimated the time of the tasks involved. The itemizations contain entries for work performed by attorneys in Geraci's firm, as well as work performed by "Clerk."

The trustee counters with a summary of nineteen consecutively filed bankruptcy cases in the Southern District of Illinois.[3] The average charge for these Chapter 7 cases is slightly more than $500. From this, the trustee argues that the fees charged by debtors' counsel in the *Wolff, Gregory,* and *Crivilare* cases are excessive, as they grossly exceed the average fee charged in this district for Chapter 7 cases.

Responding to the trustee's motion, debtors' counsel maintains that the fees in the present cases are justified by the superior services provided by attorneys in the Geraci firm. In addition, counsel asserts that without an itemization of services in the nineteen cases submitted by the trustee, a fair comparison cannot be made.

At hearing, the Court queried debtors' counsel concerning the Geraci firm's purported "superior" representation in these cases. Counsel was unable to identify any services performed for the debtors that are not routinely performed by attorneys in other Chapter 7 cases of this type. Although debtors' counsel asserted that, unlike other attorneys, attorneys in the Geraci firm are constantly available to their clients, counsel was unable to substantiate this broad generalization. Counsel also suggested that the Geraci firm's services are superior in that "all" bankruptcy petitions are prepared by an attorney, rather than by a paralegal or other type of office assistant. This statement, however, is belied by counsel's own itemization of services in the *Gregory* case, where it specifically states that "Clerk," not an attorney,

[d]rafted petition, reviewed for accuracy, mailed to client for signatures with request for filing fee and request for missing information.

For these reasons, the Court finds counsel's argument concerning the purported superiority of services to be without merit and rejects it as a basis for the fees charged in these cases.[4]

■■■ In evaluating the reasonableness of fees sought pursuant to § 329, a court must consider: (1) whether the services for which the fees were charged are properly compensable as legal services, (2) if so, whether performance of the services was necessary and whether the fees are adequately documented, and (3) whether the services were performed within a reasonable time and for a reasonable rate based on the attorney's training and experience. *See In re Chellino,* 209 B.R. 106, 113 (Bankr.C.D.Ill.1996), *aff'd sub nom. Geraci v. Hopper,* 208 B.R. 907 (C.D.Ill. 1997), *citing In re Wiedau's, Inc.,* 78 B.R. 904 (Bankr.S.D.Ill.1987). In order to support a fee request, counsel must submit a time itemization that lists each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. *Id.* at 114. Time entries for telephone calls, conferences, and letters must state the purpose or nature of the service and the persons involved. Each type of service must be listed separately with the corresponding specific time allotment. In addition, the time expended must be reasonable in light of the results obtained. *Id.*

■■■ Examination of the time itemizations in these cases reveals that none of them even remotely comply with the standards set forth above. Many of the time entries do not

3. Two of the cases, No. 97–60478 and No. 97–60484, were discarded from the sample because one was a Chapter 13 case and the other was provided by a petition preparer.

4. An examination of the debtors' schedules causes the Court to doubt even the adequacy of counsel's representation in these cases. Specifically, in *Gregory,* the debtor's discharge has been entered without the two reaffirmation agreements referred to in his statement of intent having been filed. In *Wolff,* one of the reaffirmation agreements filed by the debtors refers to property, a Kawasaki motorcycle, not listed in their schedules. Finally, while the debtors in *Crivilare* list five creditors with whom they propose to reaffirm, their statement of intent fails to include the only creditor, Mercury Finance, with whom they have actually filed a reaffirmation agreement, and the subject property, a 1989 Ford Mustang, is scheduled as securing a loan with Ford Motor Credit, while Mercury Finance's collateral is listed as "furniture."

sufficiently describe the service being performed, such as entries for "docket call, American General Finance," which are vague and ambiguous.[5] In addition, many of the services are lumped together so that the Court is unable to determine the amount of time spent on each individual service. Time entries in either of these two categories cannot form the basis for the compensation requested. The fee itemizations further show time billed at $75 per hour for "Clerk" time. At hearing, debtors' counsel conceded that none of the individuals designated as "Clerk" are qualified as paralegals, for which such billing might be allowable. Thus, the Court must conclude that itemizations for "Clerk" time are noncompensable billing of overhead by debtors' counsel, which is forbidden in the Code and supporting case law. See id.

Perhaps the most troubling aspect of the time itemizations submitted by counsel in these cases is that they are merely "estimates" of time spent by debtors' counsel "based upon [Mr. Ucherek's] performance of similar tasks." Affidavit of David M. Ucherek, filed Aug. 12, 1997, par. 4. The Court was initially sympathetic to counsel's attempted reconstruction of the itemizations here, thinking that perhaps counsel was caught unaware by the trustee's objection to the fees charged and that these reconstructed time records were counsel's best effort to show compliance with the requirements of § 329. However, upon closer examination of the time periods involved, the Court concludes that this sympathy was misplaced. Prior litigation in the Central District of Illinois concerning the reasonableness of fees charged by the Geraci firm should have alerted counsel to the probability that their fees would be challenged in other no-asset Chapter 7 cases such as those at bar. See In re Chellino, 209 B.R. 106 (C.D.Ill. 1996) (Fines,

J.); In re Day, BK No. 96–72774 (C.D.Ill. March 6, 1997) (Lessen, J.); In re Michaelson, BK No. 96–83059 (C.D.Ill. July 31, 1997) (Altenberger, J.). In each of the Central District cases, the court emphasized the necessity of maintaining written time itemizations detailing the services rendered and the value of those services to substantiate the reasonableness of fees requested under § 329. Judge Fines' opinion in Chellino was entered in December 1996, well in advance of the filing of the petitions here and, indeed, two months before counsel's initial consultation with the debtors in Gregory and Wolff. While the initial consultation in Crivilare predated Judge Fines' ruling, it occurred after the filing and argument of the trustee's motion challenging the Geraci firm's fees and after Judge Fines issued an order directing counsel to submit " 'detailed written fee itemization[s] setting forth the services for which counsel requests compensation.' " Chellino, 209 B.R. at 109.

As a result of the litigation in the Central District, counsel in the Geraci firm should have taken steps to maintain detailed time itemizations to substantiate their fees in similar Chapter 7 cases. However, even with this prior warning, counsel neglected to keep such records and failed to submit actual itemizations to the Court in the present cases. For this reason, the Court will exercise no leniency in reviewing the time itemizations here but will hold counsel to the established standards set forth and applied by the courts in the Central District cases.

The Court has taken a random sample of fees charged in 137 Chapter 7 cases filed in this district. The average fee in those cases, which include both asset and no-asset cases,[6] is $521. Because of the burgeoning caseload

---

5. At hearing, counsel explained that this entry referred to time spent fielding calls from creditors who had been told that the debtors were contemplating bankruptcy. While counsel asserted that this "service" helped relieve pressure on their clients from creditors who were pressing them for payment, the Court notes that the greatest majority of such calls were taken during the extended period before filing of the debtors' bankruptcy petition, while counsel waited for the debtors to complete payment of counsel's fee. In Crivilare, for example, over eight months elapsed

between the debtors' first consultation with counsel and the filing of their petition, during which time there were thirteen "docket calls" with creditors. The Court questions both the value of this purported service to the debtors as well as counsel's good faith in delaying the filing of the debtors' petition for counsel's own benefit.

6. Asset cases would skew the average fee on the high side because such cases would normally result in higher attorney fees being charged.

placed upon this Court, it is impossible to review each fee application. The Court, therefore, finds it necessary to set a fee which it believes to be presumptively reasonable in no-asset Chapter 7 cases. The fee this Court has determined to be presumptively reasonable is $700, an amount well in excess of the average fee in both no-asset and asset cases in this district. Therefore, in no-asset Chapter 7 cases in this district, the Court will not review fees of $700 or less to determine their reasonableness.

The Court's determination of a presumptively reasonable fee does not mean that counsel who devote additional time cannot be compensated in excess of $700. However, in such instances, the burden is on counsel to substantiate the reasonableness of their requested fee by submitting written time records for the Court's review. In the cases before the Court, debtors' counsel has failed to submit actual time records showing services performed for the debtors. Even if the Court were to accept the "estimates" provided instead, the itemizations are either nonallowable on their face, such as entries for "Clerk" time, or insufficient, because of "lumping" of services or failure to clearly describe the service rendered, for the Court to make a reasoned determination concerning the reasonableness of the fees charged. Quite simply, the burden is on counsel to substantiate the reasonableness of fees requested, and, in the present cases, counsel has failed to sustain that burden. Therefore, counsel's fees in the present cases will be limited to $700 per case.[7]

For the reasons stated, counsel shall disgorge to the debtors that portion of the fee that exceeds $700 in each of the three cases before the Court. Counsel shall do so within ten (10) days and shall file with the Court proof of compliance with the Court's order.

---

7. The Court believes counsel has even failed to support entitlement to $700. However, because counsel could have received this amount without having submitted written time itemizations, the Court will allow the $700 fee. This is not to say that in the future, should counsel continue to charge excessive fees without substantiation, the Court will feel bound by this opinion.