In re Kevin Eugene STURGEON, SSN 442–76–0239, Tami Lynn Sturgeon, SSN 274–64–4819, Jerry Don Hudson, SSN 446–90–8508, Mystery Alisha Hudson, SSN 441–86–4584, Bertha Lee Bilyeu, SSN 427–28–7319, Debtors.

Bankruptcy Nos. 99–72627, 99–71974, 99–71996.

United States Bankruptcy Court, E.D. Oklahoma.

Dec. 29, 1999.

Gerald R. Miller, Muskogee, OK, trustee.

Dan Nunley, Tulsa, OK, for Kevin and Tami Sturgeon.

Rex Earl Starr, Stilwell, OK, for Jerry and Mystery Hudson and Bertha Lee Bilyeu.

### OPINION

TOM R. CORNISH, Bankruptcy Judge.

■ At issue before this Court is what constitutes a reasonable attorney's fee in a routine Chapter 7 case in this District.

On the 7th day of December, 1999, the above-referenced cases came on for evidentiary hearing on the Trustee's Motion to Partially Disgorge Attorney's Fees and Objections by the Debtors. After hearing evidence presented, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R.Bankr.P., in this core proceeding.

All of these are simple, no asset Chapter 7 cases. In Bilyeu, there was real estate with a value of $18,000.00 which is encumbered. Additionally, there is personal property valued at $700.00, no priority claims and thirteen (13) creditors holding unsecured nonpriority claims in the amount of $41,788.94. The disclosure of compensation provides that "[a]ny extended disputes or unanticipated court proceeding, discovery of assets, liability, appeal, etc., are not covered within this agreement." Thus, these items are not covered by the $1,000.00 fee.

In Hudson, there was no real property involved and the personal property was valued at $7,700.00. There were four secured claims on a four-wheeler, a 1994 Ford Thunderbird, a mobile home and a lawn mower totaling $38,072.96. There were no priority claims and there were three unsecured nonpriority claims totaling $4,187.46. The disclosure of compensation was the same as it was in Bilyeu.

In Sturgeon, the schedules reflect real estate valued at $107,000.00 and personal property valued at $12,540.00. The schedules reflect secured claims of $122,580.00, priority tax claims of $8,800.00 and unsecured nonpriority claims of $21,985.00. The disclosure of compensation reflects that it "includes all conferences with the Debtor, preparation of petition and schedules, attendance at 341 meeting and attendance at reaffirmation and/or confirmation hearings and preparation of routine motions."

The Trustee testified that he has been practicing bankruptcy for twenty (20) years. For a simple Chapter 7 consumer case, he charges $500.00, which includes the initial consultation, preparation of petition and schedules, attendance at the 341 meeting, reaffirmation agreements and filing appropriate § 506 or § 522 motions. Tax issues would also be included in this $500.00 fee. The Trustee believes that a fee of up to $750.00 in a routine Chapter 7 case would be reasonable.

The Trustee specifically noted in the Bilyeu case that entries on January 8, 1999 reflected as "numerous calls re bankruptcy" totaling one hour and on January 11, 1999 eight calls to creditors for 1.6 hours were not itemized and it could not be determined who was called and the nature of the call. The Trustee further noted that the time of 1.8 hours for review of the Motion to Disgorge filed by the Trustee, compilation of records and response to the Motion should not be compensable. Additionally, the Court notes that there were three office consultations with the Debtor. Mr. Starr testified that the Debtor in Bilyeu was very concerned about filing bankruptcy and consequently, made numerous calls to him.

In Hudson, Mr. Starr's time records reflect "numerous calls re bankruptcy" totaling one hour and also do not state who was called and the reason for the call. Again, there was a charge for a review of the Motion to Disgorge filed by the Trustee, compilation of records and response to the Motion. In this case, there were three

office consultations with the Debtors totaling three hours. Mr. Starr testified that all of his time records were not kept contemporaneously and thus, some of the time entries were estimates, and were made sometime later.

Mr. Nunley testified that he charges $1,000.00 for bankruptcy cases filed in the Eastern District of Oklahoma. His practice consists of approximately ninety percent (90%) bankruptcy. He does not keep contemporaneous time records and did not submit detailed time records. Mr. Nunley testified that a normal Chapter 7 consists of an initial consultation of about forty-five (45) minutes. At that point, if the clients decide to retain him, he goes over an attorney-client contract and advises them of the fee. At the second visit, he or his Legal Assistant reviews the information which the debtors have prepared. He believes this takes approximately one hour. At the third appointment, the debtors review and sign the petition and schedules. Mr. Nunley testified he reviews the schedules and all forms before they are filed.

Mr. Nunley testified that Mrs. Sturgeon had been a client who required a lot of hand-holding. Further, his fee includes everything except adversary proceedings and objections to discharge. In this case, he testified he filed four Motions to Avoid Lien and had five reaffirmation agreements to review with the clients. He believed he had three or four personal consultations with the Debtors and spent a lot of time dealing with the Debtors' credit union. The Court notes with interest that only one reaffirmation agreement was filed and that involved an unsecured debt.

■ An attorney representing a debtor shall file with the Court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition. 11 U.S.C. § 329(a). However, such compensation is limited by § 329(b), as follows:

(b) If such compensation exceeds the reasonable value of any such services,

the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

"Courts have long recognized that the debtor is in a vulnerable position and is highly dependent on its attorney and therefore would be reluctant to object to the fees of the attorney." *In re Smitty's Truck Stop, Inc.*, 210 B.R. 844, 848 (10th Cir. BAP 1997). One purpose of § 329 is to protect debtors from overreaching by attorneys. *Id.*

■ Courts, determining whether fees were excessive, have looked at a variety of factors. One court looked at the results obtained; time and labor expended; novelty and difficulty of questions raised; experience, reputation and ability of counsel; the nature and length of the professional relationship between counsel and debtor; undesirability of the case; and fees charged in similar cases. *In re Costello*, 150 B.R. 675, 679–80 (Bankr.E.D.Ky. 1992). The District Court for the District of Colorado noted that the reasonableness of the fee for debtor's counsel requires the application of the same principles as other fee awards. *In re Jones*, 236 B.R. 38, 41 (D.Colo.1999). The Court, in *Jones*, stated that the factors to be used were set forth in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir.1974), as follows: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the

client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship of the client; and (12) awards in similar cases. The Court in *Jones* distinguished Chapter 7 bankruptcy proceedings by noting:

> First, these bankruptcy proceedings are in themselves not adversarial in nature. Thus, *Johnson* factors that are not really relevant include 'the undesirability of the case,' 'the preclusion of other employment,' 'whether the fee was fixed or contingent' and 'the strength of the opposition.'
>
> The second problem, related to the first, is much of the necessary work done is not apparent to the trustee or to the Bankruptcy Judge.

*Jones*, 236 B.R. at 41–42. The *Jones* court also noted that it was appropriate for Judges to establish a presumptively reasonable fee amount which could be on a sliding scale depending on several factors. *Jones*, 236 B.R. at 42; *see also In re Crivilare*, 213 B.R. 721, 725 (Bankr.S.D.Ill. 1997). The court, in *Crivilare*, looked at the following factors: (1) whether the services charged are properly compensable as legal services; (2) if so, whether the performance of the services was necessary and whether the fees were adequately documented; and (3) whether the services were performed within a reasonable time and for a reasonable rate based on the attorney's training and experience. *Crivalare*, 213 B.R. at 723 (citations omitted). A presumptively reasonable fee does not mean counsel who devotes additional time cannot be compensated. *Id.* at 725. However, the burden is on the counsel to substantiate the reasonableness of their requested fee application by submitting written time records for the court's review. *Id.* This Court expects specific and detailed time records. This Court also admonishes counsel to make contemporaneous time entries. The attorney who at-

tempts to reconstruct or guess at time entries some weeks and months later, and then only after an objection has been filed, does so at his/her own peril.

The Court has reviewed some of its own cases and cases the Trustee submitted on his exhibit. Fees range from $250.00 to $1,225.00. The cases in which a higher fee has been charged are the subject of pending Motions to Disgorge. This Court will look at the *Johnson* factors set forth above. In determining the time required, the Court will also consider the time to travel to the 341 meeting and court appearances.

■ The Court finds that in simple, no asset Chapter 7 cases, an attorney's fee in this District that ranges from $500.00 to $750.00 is reasonable. However, this in no way limits fees in excess of $750.00. In those instances, counsel must provide time records attached to a Motion for Attorney's Fees and produce contemporaneous time records. *See, In re Peoples Sav. & Inv., Inc.*, 103 B.R. 264, 274 (Bankr. E.D.Okla.1989). This Court also holds that even fees below $500.00 can be subject to being contested in limited circumstances.

■ The Court finds in the cases before it today that the attorneys did not keep contemporaneous time records. Furthermore, there is nothing in these cases which reflect any complex or novel issues of law. None of these cases precluded other employment. The skill requisite to perform the legal services required in these cases is basic. Most new attorneys could handle these routine Chapter 7 cases. Further, the Court notes the average fee charged in its review of 125 cases is approximately $600.00. As a result, the Court finds that in the above-referenced cases, the attorneys will be allowed an attorney's fee of $750.00 in each case. In the event the Debtors have paid fees, exclusive of costs, in excess of $750.00, the attorneys shall remit the excess funds to the Trustee within fifteen (15) days from the date of this

Order. In the event the Debtors have not paid the entire fee, Debtors' counsel is entitled to collect an attorney's fee not to exceed $750.00.